# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TLE MARKETING CORPORATION,** | **Civil Action No. 17-11752 (BRM)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM OPINION** |
| **WBM, LLC,** | |
| **Defendant.** | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff TLE Marketing Corporation's ("TLE") motion to amend the pleadings in order to add an alternative claim for relief under the New Jersey Sales Representative Act, N.J.S.A. 2A:61A-1, *et seq.* (the "NJSRA") [Docket Entry No. 34]. Defendant WBM, LLC ("WBM") has opposed TLE's motion on futility grounds. The Court has fully reviewed the arguments made in support of and in opposition to TLE's motion. The Court considers TLE's motion to amend without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, TLE's motion to amend to add a claim for relief under the NJSRA is GRANTED.

## I.    Background and Procedural History

This matter arises out of TLE's claims against WBM based on WBM's termination of the parties' sales representative agreement, the last of which was dated January 19, 2017. TLE initially brought suit against WBM in the State District Court for Hennepin County, Minnesota. In its Complaint, TLE asserted 4 claims against WBM: (1) Wrongful Termination Violation of Minn. Stat. §325E.37 (Count I); (2) Failure to Pay Commissions Violation of Minn. Stat. §325E.37 (Count II); (3) Breach of Contract (Count III); and (4) Violation Minn. Stat. §181.145 (Count IV). (*See, generally*, Compl; Docket Entry No. 1-1). WBM removed this matter to the

United States District Court for the District of Minnesota on August 17, 2017. (Notice of Removal; Docket Entry No. 1). On August 24, 2017, WBM filed its Answer as well as a Counterclaim against TLE. (Docket Entry No. 6). WBM simultaneously moved to transfer this matter to the District of New Jersey (Docket Entry No. 7). WBM's motion to transfer was granted on November 16, 2017. (Order of 11/16/2017; Docket Entry No. 22).

After the matter was transferred to this District, the Court scheduled an Initial Conference for January 3, 2018. (Order Scheduling Conference of 11/27/2017; Docket Entry No. 24). The Court conducted the Initial Conference on January 3, 2018 and entered a schedule in the matter. (*See* Scheduling Order of 1/3/2018; Docket Entry No. 29). Pursuant to the Court's schedule, the parties had until March 23, 2018 to move to amend the pleadings and/or add new parties. In accordance with the Court's Scheduling Order, TLE timely filed the instant motion to amend on February 20, 2018. (Docket Entry No. 34). Through its motion, TLE seeks to add a fifth count to its Complaint based on WBM's alleged failure to pay commissions in violation of the NJSRA. (*See* Aff. Of D. Clay Taylor, Ex. 2, Proposed Am. Compl., Count V; Docket Entry No. 34-2).

After TLE filed its motion, the Court conducted a status conference with the parties. Text Minute Entry of 4/18/2018. During the conference, the Court directed the parties to explore settlement and scheduled a settlement conference for May 21, 2018. Text Order of 4/24/2018; Docket Entry No. 37. Unfortunately, it became apparent prior to the scheduled settlement conference that such a conference would not be fruitful at that juncture in the case. As a result, the Court entered a Letter Order cancelling the settlement conference and indicating that the discovery schedule would be set after TLE's motion to amend was decided. Letter Order of 5/8/2018 at 1; Docket Entry No. 38.

As already noted, TLE seeks to amend its Complaint to add a claim against WBM for failure to pay commissions in violation of the NJSRA. TLE argues that its motion should be granted under the liberal amendment standards set forth in FED.R.CIV.P. ("Rule") 15(a). TLE notes that, here, no arguments have been made that its "proposed amendment was brought in bad faith or for a dilatory purpose, or that [WBM] will suffer any prejudice if the amendment is granted." (TLE Br. at 6; Docket Entry No. 34-1). Instead, WBM only argues that its proposed amendment should be denied because it is futile. TLE, however, maintains that based on the language contained in its sales representative agreement, its proposed claim under the NJSRA is plausible and nothing in the unpublished case of *Brownstone Specialty Finance v. Freedom Mort. Corp.*, Civ. No. 16-5412 (NLH/AMD), 2017 WL 2829607 (D.N.J. June 30, 2017) requires a decision to the contrary. (TLE Br. at 7-11; TLE Reply Br. at 1-2, Docket Entry No. 36).

TLE also suggests that *Brownstone* may have been incorrectly decided as the *Brownstone* court "ignored the sections of the NJSRA after the definitions[,]" each of which "actually make it clear that sales representatives' statutory rights are not limited to just commissions, but rather that they extend to recovering 'commissions and other compensation.'" (TLE Br. at 10 (quoting N.J.S.A. 2A:61A-2(A), N.J.S.A. 2A:61A-3(a), N.J.S.A. 3A:61A-4)). TLE argues that "[t]hese provisions indicate that the scope of the Act is not limited solely to the recovery of commissions –instead it appears that an independent sales representative may assert a claim under the Act for compensation that might be due and owning *other* than commissions." (*Id.*) As a result, TLE argues that even if the "commissions" at issue under the parties' sales representative agreement do not qualify as "commissions" under the NJSRA, TLE still has a viable claim for this "other compensation" under the Act. (*Id.* at 10-11).

WBM, however, maintains that TLE's motion should be denied because the proposed amendment is futile as the compensation at issue in this case is not covered under the NJSRA. In this regard, WBM notes that under the NJSRA, the term "commission" is "expressly defined as 'compensation . . . the rate of which is expressed' in one of two ways: either (1) 'as a percentage of the dollar amount of orders or sales,' or (2) 'as a specified amount per order or per sale.'" (WBM Opp. Br. at 5 (quoting N.J.S.A. § 2A:61-A-1); Docket Entry No. 35). WBM contends that *Brownstone* made clear that "commissions" under the NJSRA do not include "'percentage-based compensations related to profits.'" (*Id*. at 6 (quoting *Brownstone*, 2017 WL 2829607, at *4)). WBM further argues that, here, TLE's commission is tied to WBM's measure of profits. Indeed, WBM argues that in both *Brownstone* and pursuant to the parties' sales representative agreement the fee to be paid "(1) involved a measurement of net revenue resulting from the sale of a product ('the sale of a loan' in *Brownstone* and 'sales of [Himalayan Salt] Products' here) and (2) provided for a compensation rate (12 percent in *Brownstone* and 10 percent here) applicable to the revenue generated." (*Id*. at 7). As a result, WBM claims that TLE's "commissions" do not fall within the definition of that term under the NJSRA. As such, WBM argues that TLE's motion to amend must be denied.

WBM further contends that the fact that the payment to be made under the parties' sales representative agreement was called a "commission" rather than a "consultant fee," as in *Brownstone*, does nothing to change the aforementioned analysis. In this regard, WBM argues that "nothing in the *Brownstone* decision even suggests that the decision turned on what the payment was called (or not called)[.]" (*Id*. at 8). Instead, WBM claims that "[w]hat is important is how the payments were calculated and, here, as in *Brownstone*, the payments were tied to a percentage of profits, not simply based on the number of sales made or orders submitted." (*Id*.)

WBM also argues that TLE's alternative claim that even if the "commissions" under the parties' sales representative agreement are not "commissions" as defined by the NJSRA, TLE still has a viable cause of action under the NJSRA because the "commissions" would qualify as "other compensation" under the NJSRA is likewise futile. Specifically, WBM argues that the NJSRA only applies to "principals" and "sales representatives" and that the NJSRA defines both of those terms by referencing the compensation of someone "'by commission'" as that term is defined in the statute. (*Id*. at 8-9 (quoting N.J.S.A. 2A:61A-1(b),(c)). WBM contends that because the compensation at issue in the parties' sales representative agreement is not a "commission" under the NJSRA, WBM is not a "principal" and TLE is not a "sales representative" for purposes of the NJSRA. Thus, WBM maintains that TLE "cannot bring any claim under the [NJ]SRA[.]" (*Id*. at 9).

## II.     Analysis

### A.  Standard of Review

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). Here, the Court focuses on futility as that is the basis for WBM's opposition.

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted).  To determine if an amendment is "insufficient on its face," the Court utilizes the motion to dismiss standard under Rule 12(b)(6) (*see Alvin*, 227 F.3d at 121) and considers only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief[.]" *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  The focus is not on "'whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" *Bell Atl. Corp.*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).  Additionally, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is

"not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka*, 481 F.3d at 211.

### B. Discussion

TLE seeks to amend its Complaint to add a claim for failure to pay commissions in violation of the NJSRA. Pursuant to the NJSRA:

> When a contract between a principal and a sales representative to solicit orders is terminated, the commissions and other compensation earned as a result of the representative relationship and unpaid shall become due and payable within 30 days of the date the contract is terminated or within 30 days of the date commissions are due, whichever is later.

N.J.S.A. § 2A:61A-2. The NJSRA specifically defines the term "commission" as follows:

> "Commission" means compensation accruing to a sales representative for payment by a principal earned through the last day on which services were performed by the sales representative, the rate of which is expressed as a percentage of the dollar amount of orders or sales or as a specified amount per order or per sale.

N.J.S.A. § 2A:61A-1(a). If the compensation terms outlined in the parties' sales representative agreement fall within the NJSRA's definition of "commission," then TLE has set forth a plausible claim under the NJSRA and its proposed amendment is not futile. In determining whether the compensation at issue here is a "commission" as that term is defined by the NJSRA, the Court is mindful of the determination by the court in *Brownstone* that "[t]he express language of the [NJ]SRA[] encompasses percentage-based compensation within the definition of a 'commission' only where the percentage-base is tied to 'the dollar amount of orders of sales[,] not for those percentage-based compensations related to profits." *Brownstone*, 2017 WL 2829607, at *4.

Pursuant to the parties' sales representative agreement, a "sales commission" is defined as follows:

> a. Sales Representative understands that all compensation due Sales Representative under this Agreement is solely from commissions on sales of Products personally sold by Sales Representative during the Term of this Agreement subject to the terms and conditions set forth herein. The Sales Representative is not guaranteed any income or success under this agreement.
>
> b. The commission to be paid Sales Representative under this Agreement is **See Customer Chart** percent of Net Payments Received by Company (after customary discounts, allowances and adjustments, including but not limited to, built-in-freight, discounts, returns, slotting fee and promotional deductions, and any un-foreseen expenses in making the sales) on sales personally made by the Sales Representative of all Company products in the Territory, except as otherwise set forth herein and provided the Sales Representative is in compliance with his duties and obligations under this Agreement.

(*See* Aff. Of D. Clay Taylor, Ex. 7, Independent Sales Representative Agreement of 1/19/2017, ¶4.1 (a) and (b), Docket Entry No. 34-2).

Notably, according to the express language of the parties' sales representative agreement, "compensation due . . . is solely from **commissions on sales** of Products[.]" (*Id*. ¶4.1(a) (emphasis added)). Thus, the sales representative agreement speaks of commissions on sales of WBM's products, which is in line with the NJSRA. It makes no reference to WBM's profits. Further, while the sales representative agreement states that the commission to be paid is a "percent of Net Payments Received by Company . . . on sales personally made by the Sales Representative[,]" the items specifically considered by the Agreement in determining the "percent of Net Payments Received" are "customary discounts, allowances and adjustments, including but not limited to, built-in-freight, discounts, returns, slotting fee and promotional deductions, and any un-foreseen expenses occurred in making the sales[.]" As TLE notes,

missing from this definition is any reference to other items, like "WBM's cost of goods, employee salaries, bank charges, advertising, travel, insurance, utilities or its rents[,]" which are characteristically considered when calculating an entity's "profit." (TLE Reply Br. at 2).

Under these circumstances, the Court finds that TLE has set forth a non-futile claim for relief under the NJSRA. While the Court cannot say whether TLE will prevail on this claim, such certainty is not necessary. As previously noted, the focus is not on "'whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" *Bell Atl. Corp.*, 550 U.S. at 563 n.8 (citation omitted). The Court finds that after accepting as true all the facts alleged in TLE's proposed amended pleading and drawing all reasonable inferences in TLE's favor, TLE has stated a claim for relief under the NJSRA that is "'plausible on its face[.]'" *Duran*, 2010 WL 918444, at *2 (quoting *Bell Atl. Corp.*, 550 U.S. at 570). As such, TLE should be permitted to amend its Complaint so that it can offer evidence in support of this claim.

**III.    Conclusion**

For the reasons stated above, TLE's motion to amend is GRANTED. An appropriate Order follows.

Dated: September 14, 2018

s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
