UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TLE MARKETING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>WMB, LLC,<br><br>Defendant. | Civ. A. No. 3:17-cv-11752 (GC) (TJB)<br><br>**MEMORDANUM ORDER** |

**THIS MATTER** comes before the Court upon Plaintiff TLE Marketing Corporation's ("Plaintiff") Motion for Summary Judgment (the "Motion"). (*See* Pl.'s Mot. for Summ. J., ECF No. 83.) Defendant WMB, LLC ("Defendant") opposed (*see* Def.'s Opp'n, ECF No. 86), and Plaintiff replied (*see* Pl.'s Reply, ECF No. 89.) Plaintiff formally objects to Defendant's responsive statement as procedurally deficient. (*See* Pl.'s Obj. to Def.'s Opp'n to Statement of Undisputed Facts ("SUF") ("Pl.'s Obj."), ECF No. 89-3.) Plaintiff requests that the Court disregard Defendant's Opposition in its entirety, deem Plaintiff's Statement of Undisputed Facts admitted, and consider its Motion unopposed.

Plaintiff asserts that Defendant's submission is out of compliance with Federal Rule of Civil Procedure ("Rule") 56(c)(1)(A) and Local Civil Rule 56.1(a). Rule 56(c) provides that "a party asserting that a fact cannot be or is genuinely disputed" must support such an assertion by:

>    (A)   citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

>   (B)   showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Local Civil Rule 56.1(a) similarly provides, in relevant part:

> The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.

Specifically, Plaintiff highlights that "Defendant's Opposition, and the alleged statements of fact contained therein, are devoid of any reference to the record or evidentiary support." (*See* Pl.'s Obj. 1.) "Nowhere in Defendant's Opposition is there a single citation to any testimonial or documentary evidence contained in the case record." (*Id.* at 1-2.) Plaintiff also provides precedent, appearing to support its position. (*See id.* at 2-3.) A cursory examination of Defendant's papers reveals that Plaintiff's objection to non-compliance with Rule 56 and Local Civil Rule 56.1 is well-founded. (*See* Def.'s Resp. in Opp'n to Pl.'s Statement of Undisputed Facts, ECF No. 86-1.)

The cases cited by Plaintiff, however, are distinguishable. In *Keles v. Bender*, the Court explained: "Although Plaintiff's responses 'aim to create the appearance of factual disputes,' in many instances, the cited exhibit does not actually refute the relevant fact." No. 17-1299, 2021 WL 568105, at *2 n.2 (D.N.J. Feb. 16, 2021) (quoting *Rau v. Allstate Fire & Cas. Ins. Co.*, 793 F. App'x 84, 87 (3d Cir. 2019)). In *Rau*, the case upon which *Keles* forms it conclusion, the district court found that the party defending the underlying motion for summary judgment "repeatedly 'denied' averments in [the moving party's] SUF but then wrote answers that did not actually reject the paragraphs it responded to." *Rau*, 793 F. App'x at 87. And in *Smart v. Borough of Lindenwold*, "opposition to the [underlying] motion (which was over two months late) [did] not include any

response to [the moving party's] statement of undisputed material facts." No. 07-6102, 2010 WL 891344, at *2 (D.N.J. Mar. 9, 2010). Beyond situations including *pro se* litigants and noncompliance by both parties, this Court only identified a single instance in which a represented litigant provided a seemingly complete response to the required SUF without a single citation to the record, and the Court issued an order providing the opportunity to cure. *See McCarthy v. Kelner, Pecoraro & Kelner, P.C.*, No. 10-6559, 2012 WL 833018, at *3 (D.N.J. Mar. 12, 2012) (providing the litigant a corrective opportunity).

In order to provide itself the opportunity to consider the parties' arguments, and resolve this matter after due consideration of the parties' arguments, the Court finds good cause to permit Defendant the opportunity to cure the deficiencies identified by Plaintiff in its Responsive Statement of Material Facts, (*see* Def.'s Resp. in Opp'n to Pl.'s Statement of Undisputed Facts, ECF No. 86-1). For the reasons set forth herein, and other good cause shown,

**IT IS THEREFORE**, on this 9th day of March, 2023, **ORDERED** that:

1. Defendant may submit a revised Opposition in accordance with Rule 56(c) and Local Civil Rule 56.1(a) no later than **March 24, 2023**.

2. Plaintiff will be permitted until **April 7, 2023** to file a response to any revised Opposition filed by Defendant.

3. Defendant's failure to file a revised submission, or the filing of a second submission out of strict compliance with the federal and local rules will result in a failure to dispute an alleged fact, and the Court may consider the fact undisputed for purposes of Plaintiff's Motion.

4.     Plaintiff's Motion for Summary Judgment is administratively terminated (ECF No. 83). The Court will reinstate the Motion either upon Defendant's filing of its revised Opposition, or after time to do so expires.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**